**HARKINS et al. v. JOHNSON.**

No. 5654.

Circuit Court of Appeals, Sixth Circuit.

April 8, 1931.

W. S. Harkins, Jr., of Prestonsburg, Ky. (Joseph D. Harkins, of Prestonsburg, Ky., on the brief), for appellants.

B. M. James, of Prestonsburg, Ky. (James & Hobson, of Prestonsburg, Ky., on the brief), for appellee.

Before DENISON, MOORMAN, and HICKS, Circuit Judges.

DENISON, Circuit Judge.

John P. Morse, owning an undivided half interest in the coal, oil, and minerals in the lands in controversy, made a conveyance thereof to his wife, his attorney, and two of his sons, as four trustees, for the use and benefit of his wife, his three sons (including the two trustees), and one daughter, Mrs. Johnson (appellee herein), share and share alike. The trust is stated as follows:

"To manage, invest, re-invest, sell, mortgage, redeem and otherwise control, to pay debts now owing by me, both secured and unsecured, from time to time as they or their successors may deem it wise and proper to do, with full power to sell and convey such portions of said property, real and personal, as may seem proper, and re-invest the proceeds as a part of said trust unless a majority of my said five beneficiaries shall vote to have said proceeds divided equally and thereby removed from said trust. The net income shall be paid semi-annually in five equal shares as aforesaid during the lifetime of said beneficiaries."

This was in May, 1912. Later, John P. Morse died, leaving surviving, as the sole persons interested, his widow and his four children, who had been named as the five beneficiaries in the trust deed. In October, 1920, pursuant to negotiations which had been conducted by one of the sons, and participation or acquiescence in which by Mrs. Johnson is not shown, a deed was prepared conveying this entire half interest to Mrs. Josie D. Harkins, one of the appellants. In this deed, the persons named as parties of the first part were the widow, the four children, with their respective spouses, and "Alice M. Morse [widow], trustee, J. Russell Morse [son] trustee, and Harold G. Morse [son] trustee." [The fourth trustee, the attorney, had died.] The language of transfer was "sell, alien, release, confirm and convey * * * all their right, title and interest in and to," etc. The deed further specified that it was the intention of the parties of the first part to convey all the right, title, and interest of each of them in and to all the properties which had been theretofore owned jointly by John P. Morse and his co-owner, "being the same properties which descended to the said Alice M. Morse, as surviving widow of John P. Morse, deceased, and to J. Russell Morse, Harold G. Morse, Roland J. Morse and Helena M. Johnson, as children and heirs at law of John P. Morse, deceased; and also the same properties which were conveyed by John P. Morse to Alice M. Morse, et al., trustees by deed" [identified as the above recited trust deed].

Under the direction of counsel for Mrs. Harkins, who had prepared the deed, it was thereupon signed and acknowledged, at sepa-

rate times and places, by the widow and by each of the three sons and his wife; and the widow and the two sons named as trustee also signed in a separate place, adding their title as trustees. Counsel for Mrs. Harkins undertook to get Mrs. Johnson, the remaining child, to sign, but she refused. The total price agreed upon was $9,000. One-fifth of this amount, $1,800, Mrs. Harkins retained, but paid the remainder to the widow and the two sons separately, according to the share of each. Then, having possession of the deed, she recorded it as if it were a completed instrument; but has ever since maintained her offer to pay $1,800 to Mrs. Johnson, upon the latter's signature to this or an equivalent deed.

Eventually Mrs. Johnson brought this suit in the court below, to quiet her title to an undivided one-eighth and, in effect, to set aside, as a cloud upon her title, the claim of Mrs. Harkins and her later associates that the deed of October, 1920, by virtue of its joinder by the trustees, operated to cut off Mrs. Johnson's interest as her father's heir. The court below granted this relief, reserving for future consideration any accounting for profits received or any partition that might be appropriate.

The outstanding question is the interpretation of the deed of October, 1920. If it were merely a deed from the trustees, it would be sufficient to cut off Mrs. Johnson's title, unless, as is claimed, the trust had been in the meantime fully executed and either determined or abandoned. There is much to indicate that the trust deed was induced by debts and complications in which Morse was involved; that these had all been cleared away; and that the parties regarded the trust deed as no longer in effect, but as a form which had served its purpose. We think it unnecessary to decide this question; because the deed of October, 1920, was evidently not merely a trust deed, but something more. Without making here an extended review of the evidence, we conclude, as the District Judge did, that the deed was regarded by the grantee and by all who signed it, as being, in substance, a conveyance by the widow and heirs of John P. Morse, conveying the respective share of each; and that the signatures of the trustees were asked and given by way of release of whatever title, if any, they might have.

We do not overlook the cases holding that a deed of bargain and sale cannot be shown by parol to be merely a quit-claim or release; but the present deed is in a class by itself. There are two sets of grantors; it is impossible that each set could have undertaken to convey the title, and, necessarily, the title must have come from one set and the release from the other; the deed itself recites that the property descended to the widow and children. Our view of the deed makes it unnecessary to decide whether the grantee, by drafting and presenting a deed in this ambiguous form, by refusing to pay the consideration to the trustees, and by withholding the proportionate amount that was coming to Mrs. Johnson until she should sign, has equitably estopped herself from asserting that, in spite of this, she has acquired Mrs. Johnson's title.

With this view of the facts and the legal effect which should be given to the deed in question, the decree of the court below is affirmed.